# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

LEIGH GLASS                                    *

                                               *

     v.                                        *          **Civil Case No. WMN-16-1357**

                                               *

COMMISSIONER, SOCIAL SECURITY *

                                               *

              **\*\*\*\*\*\*\*\*\*\*\*\*\***

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix).  Plaintiff Leigh Glass filed this action *pro se*. [ECF No. 1]. Defendant Carolyn Colvin, Acting Commissioner, Social Security Administration ("the Commissioner"), has filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that Plaintiff failed to exhaust her administrative remedies prior to filing her complaint.  [ECF No. 10].  Plaintiff has filed an Opposition to the Commissioner's Motion to Dismiss, [ECF No. 23], several Motions to Strike the Commissioner's Motion to Dismiss, [ECF Nos. 16, 18, 21, 27], a Motion to Strike the Commissioner's Reply, [ECF No. 30], a Motion for Sanctions, [ECF No. 28], and a Motion to Increase Sanctions, [ECF No. 31]. The Commissioner has filed a consolidated response to Plaintiff's Opposition and one of Plaintiff's Motions to Strike and Motion for Sanctions.  [ECF No. 29].  The

Commissioner did not file a response to Plaintiff's previous Motions to Strike, and has not yet responded to Plaintiff's most recent motions.  For the reasons set forth below, I recommend that the Court DENY Plaintiff's motions, and DENY the Commissioner's Motion to Dismiss, allowing the case to proceed forward.

## I.  BACKGROUND

Plaintiff, who appears *pro se*, filed this Social Security action against the Commissioner on May 6, 2016. [ECF No. 1].  Plaintiff initially alleged that the Commissioner intentionally declined to review her 2014 and 2015 claims for disability benefits and sought a declaratory judgment, as well as injunctive relief from the Commissioner's alleged discrimination.  *Id.*  On August 12, 2016, the Commissioner filed a Motion to Dismiss for Failure to State a Claim.  [ECF No. 10].  In her motion, the Commissioner argued that this Court does not have jurisdiction over Plaintiff's claim because she failed to exhaust her administrative remedies and is not appealing from a final order of the Commissioner.  *Id.*; *see* 42 U.S.C. §§ 405(g)-(h).

On August 15, 2016, the Commissioner mailed her Motion to Dismiss to Plaintiff via UPS Express Mail.[1]  [ECF No. 12].  On August 23, 2016, the Commissioner "received a phone call from UPS informing [her] that they were unable to mail [the Motion] to Plaintiff's P.O. Box address, and that they could not find a forwarding address on file for Plaintiff to reroute it to Plaintiff's home address."  *Id.*  On September 1, 2016, the Motion was returned to the Commissioner.  *Id.*  On September 7, 2016, the Commissioner re-mailed the Motion "by first class, postage prepaid, to [P]laintiff's P.O. Box address using United States Postal Service (USPS) carrier[.]"  [ECF No. 14].  On

---

[1] Pursuant to Social Security Administration policy, this method of delivery was selected given the size and weight of the Commissioner's Motion to Dismiss. [ECF No. 12].

September 9, 2016, at the Court's order, the Commissioner provided additional information regarding her attempt to serve Plaintiff with the Motion to Dismiss. *Id.* Specifically, the Commissioner added that she believed UPS "could not deliver to a P.O. box," and that she "attempted to reach [P]laintiff using the phone number provided on [P]laintiff's file for the purposes of confirming her proper address; however, the phone number routed the Commissioner to a local Social Security field office." *Id.* On September 12, 2016, Plaintiff advised that she had still not been served, and filed a Motion to Strike the Commissioner's Motion to Dismiss.  [ECF No. 16].

On September 28, 2016, Plaintiff renewed her Motion to Strike the Commissioner's Motion to Dismiss, and moved the Court to impose sanctions against the Commissioner.  [ECF No. 18].  On October 3, 2016, the Court granted Plaintiff leave to file electronically, [ECF No. 19], and, on October 14, 2016, ordered Plaintiff to file a response by October 31, 2016, [ECF No. 20].  On October 31, 2016, Plaintiff failed to file a response to the Commissioner's Motion to Dismiss.  Instead, Plaintiff objected to the Court's order of October 14, 2016, and renewed her Motion to Strike the Commissioner's Motion to Dismiss. [ECF No. 21].

To address the substantive issues in this case, on November 1, 2016, the Court regenerated electronic notification of the Motion to Dismiss, provided Plaintiff with an electronic copy of the Commissioner's Motion, and advised Plaintiff that a response to the Motion was required by November 18, 2016.  [ECF No. 22].  On November 18, 2016, Plaintiff filed an opposition to the Commissioner's Motion to Dismiss, in which she alleged "fraud, criminal activity, and retaliatory behavior by [the Commissioner]."  [ECF No. 23].  On November 21, 2016, Plaintiff supplemented her previous Motions to Strike

and filed a Motion for Sanctions, and argued that they be granted as a matter of law due to the Commissioner's failure to respond. [ECF Nos. 27, 28]. On November 22, 2016, the Commissioner filed a response to Plaintiff's Opposition to the Commissioner's Motion to Dismiss and to Plaintiff's November 21, 2016 motions.  [ECF No. 29]. Finally, on December 6, 2016, Plaintiff filed a Motion to Strike the Commissioner's Reply to its Motion to Dismiss, and a Motion to Increase Sanctions. [ECF Nos. 30, 31].

## II.    DISCUSSION

The Commissioner moves to dismiss Plaintiff's Complaint on the grounds that the Court does not have subject matter jurisdiction over Plaintiff's claims. [ECF Nos. 10, 29]. Plaintiff opposes the Commissioner's Motion to Dismiss, asks this Court to strike the Commissioner's Motion to Dismiss and Reply, and requests sanctions against the Commissioner. [ECF Nos. 16, 18, 21, 27, 28, 30, 31]. To support her motions, Plaintiff contends that the Commissioner erroneously addressed Plaintiff's 2009 Social Security claim, and failed to serve Plaintiff with a copy of her Motion to Dismiss in violation of Fed. R. Civ. P. 5(b)(2). *Id*. Plaintiff further argues that her motions must be summarily granted because they are unopposed. [ECF Nos. 24, 25, 27, 28]. The Commissioner contends, however, that Plaintiff's claims are meritless, that sanctions are unwarranted, and that dismissal is proper. [ECF No. 29].

### A.  The Commissioner's Motion to Dismiss

Beginning with Defendant's Motion to Dismiss, the Commissioner moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. [ECF Nos. 10, 29]. As an initial matter, motions to dismiss for lack of subject matter jurisdiction are governed by Federal Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1). While the plaintiff bears

4

the burden of proving that the court has jurisdiction over the claim or controversy at issue, a Rule 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010); *see also Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647. The pleadings of *pro se* litigants, such as Plaintiff, are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Plaintiff asserts several bases of subject matter jurisdiction over her claims regarding the Commissioner's alleged discrimination. Specifically, Plaintiff alleges jurisdiction under 28 U.S.C. §§ 1331, 1346, 1367, 2201, and 2202.[2] [ECF No. 1]. Additionally, because the pleadings of *pro se* litigants are liberally construed, *see Erickson*, 551 U.S. at 94, the Court finds that Plaintiff further alleged jurisdiction under 42 U.S.C. § 405(g). *Id.* The Commissioner, however, moves to dismiss Plaintiff's Complaint on the grounds that it lacks subject matter jurisdiction. [ECF Nos. 10, 29]. For the reasons described below, the only potential basis for jurisdiction over Plaintiff's claims is 42 U.S.C. § 405(g).

First, Plaintiff contends that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1346. [ECF No. 1]. Generally, sovereign immunity protects the

---

[2] In her opposition to the Commissioner's Motion to Dismiss, Plaintiff, for the first time, also alleges jurisdiction under 5 U.S.C. § 702. [ECF No. 23]. Plaintiff, however, may not raise new grounds for jurisdiction in a dispositive motion, but must rather amend her Complaint. However, because the Court ultimately finds that subject matter jurisdiction may exist pursuant to 42 U.S.C. § 405(g), the Court need not address Plaintiff's 5 U.S.C. § 702 argument.

federal government and its agencies from being sued, absent an express waiver. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471 (1994). Plaintiff contends, however, that "[j]urisdiction is proper pursuant to federal question jurisdiction under 28 U.S.C. § 1331; as well as 28 U.S.C. § 1346 due to the [Defendant] being an agency of the U.S. Government[.]" [ECF No. 1]. Contrary to Plaintiff's assertion, the Social Security Act contains an exclusive remedy provision that expressly bars claimants from bringing actions relating to Social Security claims under those provisions. *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."). Instead, jurisdiction over cases "arising under" Social Security exists only under 42 U.S.C. § 405(g), which requires an agency decision in advance of judicial review. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action."). Accordingly, subject matter jurisdiction does not exist under 28 U.S.C. §§ 1331 and 1346.

Second, Plaintiff contends that the Court has subject matter jurisdiction under 28 U.S.C. § 1367. Section 1367 permits a federal court to entertain a jurisdictionally inadequate state claim if it is joined with a jurisdictionally adequate federal claim involving the same event or transaction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). This case, however, does not involve any state claims. Indeed, the plain language of § 1367(a) prevents the application of supplemental jurisdiction in this case. *See* 28 U.S.C. § 1367(a) (providing that a district court will have supplemental

jurisdiction over all related claims unless "expressly provided otherwise by Federal statute"). Here, Congress has "expressly provided otherwise by Federal statute" by limiting Plaintiff's claims to review under 42 U.S.C. § 405(g). *See* 42 U.S.C. § 405(g). Therefore, subject matter jurisdiction under this basis is similarly unavailing.

Third, Plaintiff contends that the Court has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202. Specifically, those provisions provide declaratory relief as an additional remedy, and permit a "federal court to declare the rights of a party whether or not further relief is or could be sought." *Int'l Coal. for Religious Freedom v. State of Maryland*, 3 F. App'x 46, 51 (4th Cir. 2001) (quoting *Green v. Mansour*, 474 U.S. 64, 72 (1985)). However, "[i]t is apparent that the [P]laintiff may not allege jurisdiction solely under 28 U.S.C. §§ 2201 or 2202. Those sections do not extend the jurisdiction of the federal courts but merely extend the range of remedies available in cases which otherwise fall within the jurisdiction of the courts." *Evans v. Chesapeake & Potomac Tel. Co. of Maryland*, No. M-80-2898, 1981 WL 145, at *2 (D. Md. Apr. 2, 1981) (citing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667 (1950)). Therefore, 28 U.S.C. §§ 2201 and 2202 provide no independent basis of subject matter jurisdiction.

Finally, although Plaintiff does not expressly invoke 42 U.S.C. § 405(g) as a basis for subject matter jurisdiction, it is clear that Plaintiff seeks court review of the Commissioner's alleged discrimination regarding Plaintiff's attempts to file Social Security benefits claims in 2014 and 2015.[3]  *See* [ECF No. 1].  Specifically, Plaintiff alleges that the Commissioner is "illegally refusing to process Plaintiff's timely disability applications that were filed on 06/26/2014 and 08/10/2015, and also, is illegally refusing

---

[3] I note that Plaintiff indicated in her Motion to Increase Sanctions [ECF No. 31] that 42 U.S.C. § 405(g) was "irrelevant" to her case.  [ECF No. 31].  However, I construe her statement to mean that her case was not a traditional appeal of a denial of Social Security benefits following administrative review.

Plaintiff service." *Id.* As noted above, Section 405(g) "is the sole avenue for judicial review of all claim[s] arising under" the Social Security Act. *Heckler v. Ringer*, 466 U.S. 602, 615 (1984) (internal quotations omitted). Moreover, the phrase "claim aris[es] under" is construed broadly and "include[s] any claims in which both the standing and the substantive basis for the presentation of the claims is the Social Security Act." *Id.* As such, Plaintiff's claim that the Commissioner willfully blocked Plaintiff from filing new Social Security applications "aris[es] under" the Social Security Act. *Barnes v. Colvin*, No. 5:12-CV-696-D, 2013 WL 6985182, at *2 (E.D.N.C. Nov. 13, 2013), report and recommendation adopted, No. 5:12-CV-696-D, 2014 WL 126059 (E.D.N.C. Jan. 13, 2014).

Regardless, the Commissioner argues that this Court does not have jurisdiction under Section 405(g) because Plaintiff failed to exhaust her administrative remedies and is not appealing from a final order of the Commissioner. [ECF Nos. 10, 29]. Under Social Security Act sections 205(g) and (h), an individual may only obtain judicial review of the Commissioner's "final" decision after she has exhausted all administrative remedies. 42 U.S.C. §§ 405(g)-(h). Because there is no formula for determining whether a decision is final, the meaning of that term is left to federal and state agencies to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Section 405(g) of the Social Security Act provides that "any individual, after any final decision of the Commissioner made after a hearing to which he was a party...may obtain a review of such decision by a civil action[.]" 42 U.S.C. § 405(g).

To support her jurisdictional argument, the Commissioner provides a declaration from Kathie Hartt, the Chief of Court Case Preparation and Review Branch 2 of the

8

Office of Appellate Operations, Office of Disability Adjudication and Review. [ECF No. 10]. Ms. Hartt's declaration notes that Plaintiff filed an application for Supplemental Security Income ("SSI") benefits on December 11, 2009. *Id.* Additionally, the declaration notes that a hearing regarding Plaintiff's application was held on August 21, 2015, before an Administrative Law Judge ("ALJ"). *Id.* Moreover, the declaration notes that, following the hearing, on September 15, 2015, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. *Id.* Finally, the declaration notes that Plaintiff filed a timely request to review the ALJ's determination, and that Plaintiff's request is still pending. *Id.* Accordingly, the Commissioner argues that the declaration "demonstrates that [Plaintiff] does not have a judicially reviewable final decision[.]" *Id.*

Ms. Hartt's declaration, however, fails to address the allegations in Plaintiff's Complaint. Plaintiff does not contest the Commissioner's decision to deny her 2009 claim for benefits. To the contrary, Plaintiff contends that the Commissioner has intentionally prevented her from filing a new application for SSI benefits. [ECF Nos. 1, 23]. Specifically, Plaintiff states that "[t]he case before this Court, [only] regards [Plaintiff's] entirely new SSA Disability Applications made from the end of 2014 through the present, which also regard entirely new medical ailments." [ECF No. 23]. Plaintiff further claims that "[e]ach and every one of these new applications that [Plaintiff] has filed from 2014 through the present, have been deleted and/or fraudulently mishandled and fraudulently not processed by [the Commissioner]." *Id.* Neither Ms. Hartt's declaration, nor the Commissioner's Motion to Dismiss, makes reference to these allegations. Rather, it appears that the Commissioner has construed Plaintiff's Complaint

as an attempt to appeal the dismissal of her 2009 claim for Social Security benefits.  *See*
[ECF No. 10].   Notably, Plaintiff's Complaint and subsequent filings make it clear that
the instant case bears no relation to the denial of her 2009 Social Security claims.  [ECF
Nos. 1, 23, 27, 28, 31].   The Commissioner's failure to read Plaintiff's filings
demonstrates a troublesome lack of basic due diligence.  Although, as discussed below,
the Commissioner's negligence does not warrant sanctions, the Commissioner is
instructed to review Plaintiff's filings again to properly address Plaintiff's arguments
going forward.  Moreover, if Plaintiff's allegations that the Commissioner intentionally
blocked her attempts to file new Social Security claims proved true, then she might have
an argument that her apparent failure to exhaust her administrative remedies should be
waived or excused.  *See Matthews v. Eldridge*, 424 U.S. 319, 330 (1976).  Ultimately, on
the very limited record presented, and construing Plaintiff's filings liberally, I cannot find
that "material jurisdictional facts are not in dispute." Accordingly, I recommend that the
Commissioner's Motion to Dismiss, [ECF No. 10], be DENIED.

### B.  Plaintiff's Motions to Strike

Turning to Plaintiff's five Motions to Strike, as an initial matter, Federal Rule of
Civil Procedure 12(f) only permits courts to strike "any redundant, immaterial,
impertinent, or scandalous matter" from a pleading.  Fed. R. Civ. P. 12(f).  However,
motions to strike are generally disfavored.  *See Schultz v. Braga*, 290 F. Supp. 2d 637,
655-56 (D. Md. 2003), *aff'd*, 455 F.3d 470 (4th Cir. 2006).  Specifically, motions to
strike under Rule 12(f) "should be denied unless the allegations have no possible relation
to the controversy and may cause prejudice to one of the parties."  *Schultz v. Braga*, 290
F. Supp. 2d 637, 654-55 (D. Md. 2003); *see* 5C Charles A. Wright & Arthur R. Miller, et

al., Federal Practice & Procedure § 1382 (3d ed. 2015).   Accordingly, "in reviewing motions to strike defenses, federal courts have traditionally view[ed] the pleading under attack in a light most favorable to the pleader." *Kennedy v. Lendmark Fin. Servs.*, No. CIV.A. RDB-10-02667, 2011 WL 4351534, at *5 (D. Md. Sept. 15, 2011), *aff'd sub nom. Kennedy v. Lendmark  Fin. Servs., Inc.*, 458 F. App'x 262 (4th Cir. 2011) (internal citations and quotations omitted).

In the instant case, the Commissioner provided evidence that, following its failed first attempt at service, a copy of its Motion was sent via USPS first-class mail, postage prepaid, to Plaintiff on September 7, 2016.  [ECF No. 12].  The Commissioner also provided that she made diligent efforts to contact Plaintiff to confirm her address, but that the phone number Plaintiff provided routed the Commissioner to a local Social Security field office.  [ECF No. 14].  Again, Plaintiff denied receipt.  [ECF Nos. 16, 18, 21, 27]. Following Plaintiff's request for access to CM/ECF, the Court then provided Plaintiff with an electronic copy of the Commissioner's Motion.   [ECF No. 22].   Plaintiff concedes that, this time, she received the Motion.  [ECF No. 27].  Plaintiff further concedes that she read "the first few pages" of the Motion and described its content as "laughable." *Id.*  Plaintiff maintains, however, that she has still not been properly served because she was charged upon viewing the electronic copy of the Commissioner's Motion. *Id.*

Notably, CM/ECF provides parties a free initial view of filings through its electronic notification system.  To avoid payment, parties must access filings through the electronic notification they receive.   Conversely, parties must pay to view filings accessed through other means. Additionally, parties must pay to view past filings, or

filings already viewed once. Accordingly, on November 1, 2016, the Court regenerated the Commissioner's Motion on CM/ECF in order to ensure Plaintiff one-time access to a free electronic copy. [ECF No. 22]. The Court is not required to, and cannot, provide Plaintiff unlimited opportunities to view the Commissioner's Motion free of charge. Regardless, Plaintiff concedes that she received and viewed the Commissioner's Motion, although she chose not to read it in its entirety. [ECF No. 27]. Moreover, Plaintiff's Opposition to the Commissioner's Motion to Dismiss is further evidence that Plaintiff was served. [ECF No. 23]. Considering Plaintiff read and responded to the Commissioner's Motion, and considering the extraordinary efforts by the Commissioner and the Court to ensure her access, I find no merit to her claim that she has not been properly served.

I am similarly unconvinced by Plaintiff's argument that some of her Motions to Strike must be granted because the Commissioner did not file a response. Contrary to Plaintiff's assertion, this Court is not required to grant a motion merely because it is unopposed. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir.1993); *United States v. Sasscer*, No. CIV. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D. Md. Aug. 25, 2000) (holding that "the Court need not grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit."); *White v. Wal Mart Stores, Inc.*, No. CIV.A. ELH-14-00031, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014) (same). Instead, the Court is obligated to "review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to" the requested relief. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 409 n. 8 (4th Cir. 2010) (quoting *Custer*, 12 F.3d at 416) (internal citations and quotations omitted); *see Stevenson*

*v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 (4th Cir. 2014) (holding that "[e]ven though Appellants did not challenge the motions to dismiss…the district court nevertheless has an obligation to review the motions to ensure that dismissal is proper."). Finally, even if they are non-responsive to Plaintiff's allegations, the existence of the Commissioner's filings on the record poses no threat of prejudice to Plaintiff. Accordingly, there is no basis to strike the Commissioner's Motion to Dismiss or Reply, and I recommend that Plaintiff's five Motions to Strike [ECF Nos. 16, 18, 21, 27, 30] be DENIED.

### C.  Plaintiff's Motion for Sanctions and Motion to Increase Sanctions

Finally, Plaintiff argues that the Commissioner's conduct warrants the imposition of sanctions.  [ECF Nos. 28, 31].[4]  Specifically, Plaintiff alleges that the Commissioner "[l]ied about serving [Plaintiff]," and "[i]ntentionally misled the Court about service being perfected."  [ECF No. 28].  As a result, Plaintiff requests monetary sanctions.  *Id*. In opposition, the Commissioner argues that Plaintiff's claims are meritless and that sanctions are unwarranted.  [ECF No. 29].

Rule 5 of the Federal Rules of Civil Procedure, which governs the service of pleadings, requires that a pleading filed after the original complaint be served on all parties. Fed. R. Civ. P. 5(a)(1)(B).  However, neither Rule 5 nor any Local Rule provides for sanctions for non-compliance.  *See* Fed. R. Civ. P. 5; *Kennedy v. Hankey Grp.*, No. CIV. WDQ-09-2890, 2010 WL 1664087, at *6 (D. Md. Apr. 22, 2010) (holding that

---

[4] I note that Plaintiff incorrectly characterizes ECF No. 28 as Plaintiff's "Second Motion for Sanctions." [ECF No. 28].  Although Plaintiff first moved for sanctions in her September 12, 2016 Motion to Strike, [ECF No. 16], Plaintiff failed to make "[a] motion for sanctions…separately from any other motion" as required under Rule 11(c)(2). Fed. R. Civ. P. 11(c)(2).  Therefore, the Court will construe ECF No. 28 as Plaintiff's first Motion for Sanctions.

"Fed. R. Civ. P. 5 does not require sanctions for noncompliance").  Regardless, given the efforts made here after the initial failed service to ensure that Plaintiff had access to the filing, no sanctions are warranted.  Moreover, "[t]o the extent that [Plaintiff] intended to move for sanctions under Rule 11, that request must be denied, as [s]he failed to serve the Rule 11 motion on [the Commissioner] at least 21 days before filing the motion as required by Fed. R. Civ. P. 11(c)(2)."  *Kennedy*, 2010 WL 1664087, at *6; *see* [ECF Nos. 28, 31].   Accordingly, I recommend that Plaintiff's Motion for Sanctions [ECF No. 28] be DENIED.

Plaintiff's Motion to Increase Sanctions [ECF No. 31] also lacks merit. Plaintiff contends that the Commissioner's Reply [ECF No. 29] is sanctionable because it does not respond to her allegations.   [ECF No. 31].   Specifically, Plaintiff argues that the Commissioner "has continued to assert an entirely irrelevant argument, about deciding benefits and a review of a 2009 claim that is not part of the present case." *Id.*  Contrary to Plaintiff's claim, however, the Commissioner properly addressed Section 405(g), because it is the only potential basis of jurisdiction over the instant matter.  However, as noted above, the Commissioner erroneously discussed Plaintiff's 2009 Social Security claim, which is not the basis of this case.  [ECF No. 29].   While the Commissioner's failure to address the merits of Plaintiff's allegations is troubling, the Commissioner's misguided argument does not warrant the imposition of sanctions, or any increase thereof.   *See Morris v. Wachovia Securities, Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) (holding sanctions proper when "it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified," and "[t]he legal argument [has] absolutely no chance of success" or is "unsupported by any information

prior to filing"). Therefore, I also recommend that Plaintiff's Motion to Increase Sanctions [ECF No. 31] be DENIED.

### D. CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Plaintiff's Motions to Strike [ECF Nos. 16, 18, 21, 27, 30];

2. the Court DENY Plaintiff's Motions for Sanctions [ECF Nos. 28, 31]; and

3. the Court DENY Defendant's Motion to Dismiss [ECF No. 10].

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

### E. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  December 15, 2016                                     _____/s/_____

Stephanie A. Gallagher
United States Magistrate Judge