# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LEIGH GLASS** | * | |
| | * | |
| **v.** | * | **Civil Case No. WMN-16-1357** |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). Plaintiff Leigh Glass filed this action *pro se*. [ECF No. 1]. On December 15, 2016, I issued a Report and Recommendations ("original Report and Recommendations") recommending, in relevant part, that the then-Acting Commissioner's Motion to Dismiss for lack of subject matter jurisdiction be denied.[1] [ECF No. 32]. Thereafter, in lieu of filing objections to the original Report and Recommendations, the Commissioner filed another Motion to Dismiss or, in the alternative, Motion to Transfer Venue. [ECF No. 34]. Ms. Glass has filed an Opposition to the Commissioner's Motion to Transfer Venue with an accompanying Memorandum, [ECF Nos. 40, 41], and has also filed another Motion for

---

[1] During the pendency of this litigation, the previous Acting Commissioner, Carolyn Colvin, has been replaced with a new Acting Commissioner, Nancy A. Berryhill. For ease of reference, this Report and Recommendations will simply refer to "the Commissioner."

Sanctions, [ECF No. 45], and an *Ex Parte* Application to Refer AUSA for Criminal & Ethical Investigations, [ECF No. 46]. The Commissioner has filed a reply to Plaintiff's Opposition to the Motion to Transfer Venue, [ECF No. 44], but has not yet responded to Plaintiff's most recent motions. For the reasons set forth below, I rescind my original Report and Recommendations [ECF No. 32]. I further recommend that the Court DENY Plaintiff's motions, and DENY the Commissioner's Motion to Transfer Venue, but GRANT the Commissioner's alternative Motion to Dismiss for lack of subject matter jurisdiction.

## I.     BACKGROUND

A lengthy procedural history is set forth in my original Report and Recommendations. [ECF No. 32]. Relevant to this motion, Plaintiff, who appears *pro se*, filed this Social Security action against the Commissioner on May 6, 2016, listing her county of residence as "Sacramento, CA." [ECF No. 1-1]. On August 12, 2016, the Commissioner filed a Motion to Dismiss for Failure to State a Claim, citing a lack of subject matter jurisdiction. [ECF No. 10]. That motion did not allege improper venue. *Id.* After extensive additional filings, on December 15, 2016, I issued a Report and Recommendations in which I recommended that the Motion to Dismiss be denied, because I liberally construed Ms. Glass's complaint to assert jurisdiction under 42 U.S.C. § 405(g). [ECF No. 32]. Thereafter, the Commissioner filed a Motion to Transfer Venue, suggesting that proper venue for Ms. Glass's complaint lies in California. [ECF No. 34]. In the alternative, the Commissioner renewed the Motion to Dismiss for lack of subject matter jurisdiction. *Id.*

## II.     DISCUSSION

Beginning with venue, the Commissioner appears to be correct that appropriate venue for Ms. Glass's Social Security appeal lies in California.  *See,* 42 U.S.C. § 405(g) ("Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has a principal place of business, or, if he does not reside or have his principal place of business within any such district, in the United States District Court for the District of Columbia.").  Ms. Glass does not assert that she lives or works (or has ever lived or worked) in the District of Maryland.  However, while the Commissioner would have prevailed had that defense been raised timely, improper venue is a defense that is subject to waiver.  *See* Fed. R. Civ. Proc. 12(h)(1)(A). Specifically, a party waives improper venue by omitting it from a previously filed motion to dismiss.  *See* Fed. R. Civ. Proc. 12(g)(2) ("A party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").  Here, then, if the Commissioner believed venue to be improper, the Commissioner should have included that argument in her original Motion to Dismiss.  [ECF No. 10].  Because the Commissioner did not, the improper venue argument under Federal Rule of Civil Procedure 12 is waived.

Even after waiver of a challenge to improper venue, litigants can make a motion to transfer venue, at the court's discretion, under 28 U.S.C. § 1404(a). In considering such a change of venue, the Court evaluates, "(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice."  *Davis Media Group, Inc. v. Best Western Int'l, Inc.,* 302 F.

Supp. 2d 464, 470 (D. Md. 2004) (internal citations omitted). The burden is on the party seeking transfer to establish that it is proper. *See Lynch v. Vanderhoef Builders,* 237 F. Supp. 2d 615, 617 (D. Md. 2002). Here, Ms. Glass's choice of forum is Maryland, although the weight accorded that choice is lessened "when none of the conduct complained of occurred in the forum selected by the plaintiff[.]" *Id.* Although the Commissioner cites to the other factors such as "convenience of the witnesses and parties," the Commissioner has not identified any witnesses, other than Ms. Glass, who are located in California. As noted above, Ms. Glass opposes the transfer of venue. Thus, the Commissioner has not met her burden with regard to the convenience factors. Finally, permitting a party to request a transfer of venue immediately after receiving an adverse Report and Recommendations condones forum-shopping and is not in the interest of justice. Accordingly, I recommend that the Commissioner's Motion to Transfer Venue be denied.

However, Ms. Glass's opposition to the venue motion requires me to rescind my original Report and Recommendations. In that filing, I adhered to my responsibility to liberally construe the pleadings of *pro se* litigants. I therefore found that Ms. Glass had alleged jurisdiction under 42 U.S.C. § 405(g), in addition to having alleged jurisdiction under multiple other statutes that did not provide an adequate jurisdictional basis. [ECF No. 32 at 5-8]. However, in her most recent opposition, Ms. Glass repeatedly emphasized that her pleadings should not be construed to make that jurisdictional argument. *See* [ECF No. 41 at 1] ("**PLAINTIFF DOES <u>NOT</u> BRINGS (sic) THIS SUIT UNDER § 405(g)**") (emphasis in original); *id.* ("Plaintiff is **<u>NOT</u>** consenting to this Court arbitrarily changing her causes of action.") (emphasis in original); *id.* at 2

("Furthermore, Plaintiff has reiterated **REPEATEDLY** that this case has nothing to do with 42 U.S.C. § 405(g).") (emphasis in original); *id.* ("Plaintiff's arguments have been consistent from day one (1:) that this lawsuit is **NOT** under 42 U.S.C. § 405(g).") (emphasis in original); *id.* at 3 ("Irrespective of this, it is irrelevant, because this lawsuit is not brought under 405(g).").   I cannot continue to liberally construe Ms. Glass's Complaint to make an argument that she has now so emphatically disavowed. Accordingly, I rescind my original Report and Recommendations.

In her recent filing, Ms. Glass again suggests that the jurisdictional basis for her claim is federal question jurisdiction under 28 U.S.C. §1331, combined with a waiver of sovereign immunity pursuant to 5 U.S.C. § 702.  *Id.* at 1-2.  However, the Social Security Act contains an exclusive remedy provision that expressly bars claimants from bringing actions relating to Social Security claims under 28 U.S.C. § 1331.  *See* 42 U.S.C. 405(g) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.").  Although Ms. Glass couches her complaint as one seeking only "declaratory judgment" and "mandatory injunction," [ECF No. 1], which arguably could constitute non-monetary relief under 5 U.S.C. § 702, the declarations Ms. Glass seeks expressly pertain to adjudication of her Social Security claim, including a declaration that her "application was timely and properly filed in 2014," and a declaration that backpay should date back to her 2014 application date. [ECF No. 1 at 7].  Thus, despite Ms. Glass's efforts to disclaim 42 U.S.C. § 405(g), her claim expressly arises under that subchapter of the Social Security Act and cannot be

brought under 28 U.S.C. § 1331.  With no viable basis for subject matter jurisdiction other than the one Ms. Glass has repeatedly rejected, her complaint must be dismissed.

Ms. Glass has also filed another Motion for Sanctions and an Ex Parte Application to Refer AUSA for Criminal & Ethical Investigations.[2]  [ECF Nos. 45, 46]. While Ms. Glass alleges that the Commissioner's position in this litigation has been frivolous, and that fraudulent documents have been submitted to the Court, in light of the lack of subject matter jurisdiction, this Court is unable to delve into those allegations or order discovery relating to such fact-specific evidentiary matters.  Moreover, any disciplinary decisions this Court makes about any attorney's conduct in any matter are confidential and are not made based on an application from opposing counsel.  Thus, I recommend that Ms. Glass's Motion for Sanctions and her Ex Parte Application to Refer AUSA for Criminal & Ethical Investigations be denied.

**CONCLUSION**

For the reasons set forth above, I rescind my Report and Recommendations [ECF No. 32] and respectfully recommend that:

1.  the Court DENY Defendant's Motion for Transfer of Venue [ECF No. 34], but GRANT Defendant's alternative Motion to Dismiss the Case Without Prejudice [ECF No. 34];

2.  the Court DENY Plaintiff's Motion for Sanctions [ECF No. 45];

3.  the Court DENY Plaintiff's Ex Parte Application to Refer AUSA for Criminal and Ethical Investigations, [ECF No. 46], and

---

[2] Although titled an "ex parte application," the documentation reflects that the application was served on the AUSA in question and filed on the docket.  [ECF No. 46].  Accordingly, it is addressed herein as a motion.

4. the Clerk be directed to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

## A. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  February 8, 2017                                           _____/s/_____

                                                                              Stephanie A. Gallagher
                                                                              United States Magistrate Judge